IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

v.  :  Criminal No. DKC 11-0090

JAMES DAVIS  :

**MEMORANDUM OPINION**

Pending before the court is a motion to reduce or reconsider sentence filed by Defendant James Davis. (ECF No. 42). For the reasons that follow, this motion will be denied.

On September 19, 2011, Defendant was convicted, upon his guilty plea, of distribution of a controlled substance to a person under the age of twenty-one, in violation of 21 U.S.C. §§ 841(a)(1) and 859(a). He was sentenced to a term of imprisonment of 71 months to be followed by four years of supervised release. Defendant's appeal from that judgment is presently pending in the United States Court of Appeals for the Fourth Circuit.

On or about April 11, 2012, the court received correspondence from Defendant requesting a reduction of sentence based on his positive utilization of incarceration by completing programs offered by the Bureau of Prisons. (ECF No. 42). This

letter has been docketed as a motion to reduce or reconsider sentence, and that motion is considered herein.

The narrow circumstances in which a court may modify an imposed term of imprisonment are set forth in 18 U.S.C. § 3582(c). Pursuant to that provision, a court may modify a sentence only (1) upon a motion filed by the Director of the Bureau of Prisons setting forth "extraordinary and compelling reasons" for a sentence reduction, (2) if a reduction is expressly permitted by statute or Federal Rule of Criminal Procedure 35, or (3) if the applicable sentencing range is subsequently lowered by the Sentencing Commission.

The instant motion is not brought by the Director of the Bureau of Prisons, nor does it set forth "extraordinary and compelling reasons" for the requested relief. Along with his request, Defendant has filed certificates of successful completion of prison education programs. While the court commends these accomplishments, there simply is no authority for it to reduce a sentence under these circumstances.

Defendant is also not eligible for relief under Federal Rule of Criminal Procedure 35. Rule 35(a) provides that "[w]ithin 14 days of sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other

clear error."[1]  The court imposed Defendant's sentence in 2011; thus, the instant motion is untimely under that provision.  Rule 35(b) provides for reduction of sentence "[u]pon the

---

[1] Rule 35 provides as follows:

(a) Correcting clear error.  Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

(b) Reducing a Sentence for Substantial Assistance.

   (1) In General.  Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

   (2) Later Motion.  Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

      (A) information not known to the defendant until one year or more after sentencing;

      (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

      (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

   (3) Evaluating Substantial Assistance.  In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

   (4) Below Statutory Minimum.  When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

(c) "Sentencing" Defined.  As used in this rule, "sentencing" means the oral announcement of the sentence.

government's motion" based on a defendant's providing "substantial assistance in investigating or prosecuting another person." The instant motion is not brought by the government and does not allege that Defendant is entitled to a sentence reduction based upon assistance provided to the government. Therefore, Rule 35(b) also provides no basis for reducing his sentence.

Finally, Defendant has not alleged that the applicable sentencing range has been lowered by the Sentencing Commission such that relief could be available under 18 U.S.C. § 3582(c)(2).

Because he has provided no basis for the court to reduce or reconsider his sentence, Defendant's motion will be denied by separate order.

```
           _____/s/_____
           DEBORAH K. CHASANOW
           United States District Judge
```